(No. 4304— )

BRYAN BIRD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1952.*
*Supplemental opinion filed October 10, 1952.*

FRANCIS P. FLYNN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Bryan Bird, seeks to recover under the Workmen's Compensation Act for alleged injuries that arose out of and in the course of his employment as a guard at the Illinois State Penitentiary, Stateville, Illinois.

On June 12, 1949, claimant, while riding in a bus furnished by respondent to haul guards to said Penitentiary, was injured in a collision with another vehicle.

Claimant was off work for two weeks, and then returned to work until the end of August, 1949. He worked some in September, all of October, and two

days in November. He was dropped from the roster of the institution on January 3, 1950. However, on May 21, 1950, he went to work as a guard at the Penitentiary in Menard, Illinois, and worked there 22 months, or until March, 1952, at which time he voluntarily quit.

The record further shows that an action at law was filed in the Circuit Court of Will County for claimant, and that he is entitled to recover in said action the sum of $500.00.

On the whole, this record is very unsatisfactory from the standpoint of claimant. There is no way that the Court can calculate whether he was paid any temporary total disability compensation, and we must, therefore, conclude that the amount received in settlement of his action at law would more than equal what might be coming to him for temporary total disability compensation.

Although there was extensive medical testimony in the record, all that it shows is that claimant does have some partial permanent disability, but we are unable to grant claimant an award in this case, because the record conclusively shows that claimant was able to and did earn as much or more after his accident than he did before while working for respondent.

In similar cases this Court has previously denied awards on records that were somewhat stronger in favor of claimant than this one. *Rohles* vs. *State*, No. 4223, opinion filed September 19, 1950; *Paschal* vs. *State*, No. 4389, opinion filed September 7, 1951.

However, claimant is entitled to reimbursement for certain medical expenses incurred by him, and also for his expenses in traveling from his home in Golconda, Illinois to Joliet, Illinois for a medical exami-

nation by a doctor of respondent's choosing, pursuant to an order of this Court.

An award is, therefore, entered in favor of Bryan Bird, for the use of the Estate of Dr. Killinger, Joliet, Illinois in the sum of $22.00; and an award is also entered in favor of claimant, for the use of Dr. L. S. Beecher, Golconda, Illinois in the sum of $100.00. And, an award is entered in favor of claimant for his travel expenses to and from Joliet, as stipulated at the trial, in the sum of $40.00.

Any further awards to claimant are denied.

William J. Cleary & Co., Court Reporters, was employed to take and transcribe the testimony at the hearing before Commissioner Anderson. Charges in the amount of $139.60 were incurred, which charges are reasonable. An award is entered in favor of William J. Cleary & Co. for $139.60.

These awards are subject to the approval of the Governor. Ill. Rev. Stat., 1951, Chap. 127, Sec. 180.

---

## SUPPLEMENTAL OPINION.

LANSDEN, J.

Pursuant to stipulation of the parties herein that claimant has already been reimbursed by respondent for his agreed expenses of $40.00 in traveling from Golconda, Illinois to Joliet, Illinois, and return, it is necessary to modify the opinion filed herein on September 12, 1952, as follows:

By deleting from the eighth paragraph all of said paragraph appearing after the phrase "incurred by him".

By deleting from the ninth paragraph the following words: "and an award is entered in favor of claimant

for his travel expenses to and from Joliet, as stipulated at the trial, in the sum of $40.00".

All of the remainder of said opinion shall stand as originally approved and filed.